IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03165-PAB

BARRY MILLS,

    Applicant,

v.

BLAKE R. DAVIS, Warden,

    Respondent.

---

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

This matter is before the Court on Applicant Barry Mills' *pro se*[1] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] filed on December 6, 2011. Respondents have filed a Response to Order to Show Cause [Docket No. 11] and Applicant has filed a Reply [Docket No. 14]. Having considered the Application, the Court concludes that it should be denied.

**I. BACKGROUND**

Mr. Mills is a federal prisoner incarcerated at ADX-Florence. He was imprisoned originally based on his conviction for an armed bank robbery, in violation of 18 U.S.C.

---

[1] Applicant is proceeding *pro se.* The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

§ 2113(d), committed in June 1976.  *See United States v. Mills*, 597 F.2d 693, 695 (9th Cir. 1979).  Mr. Mills is a member of the Federal Commission, the highest ranking body in the Aryan Brotherhood, a hierarchical structure established to facilitate the Aryan Brotherhood's "transition into an organized criminal enterprise" in the federal prison system.  *United States v. Littrell*, 478 F. Supp. 2d 1179, 1180, 1181-82 (C.D. Cal. 2007); *see also United States v. Bingham*, 653 F.3d 983, 987 (9th Cir. 2011) (noting that, as a Federal Commissioner, Mr. Mills "could authorize any major decision for the AB, such as ordering a hit on an AB member or going to war against another prison gang"), *petition for cert. filed* Jan. 4, 2012.  In 2002, Mr. Mills was indicted in the United States District Court for the Central District of California, along with thirty-nine other members of the Aryan Brotherhood prison gang, for numerous acts of racketeering (involving murder, extortion, robbery, and narcotics trafficking).  *See Littrell*, 478 F. Supp. 2d at 1180-82.  The acts included thirteen murders, eleven attempted murders, and three additional conspiracies to commit murder.  *Id.* at 1182.  The jury found Mr. Mills guilty of multiple counts of murder in aid of racketeering activities, and he was sentenced to a life prison term without the possibility of parole.  *Id.* at 1183.

On June 23, 2007, the Attorney General informed Mr. Mills that pursuant to 28 C.F.R. § 501.3, Special Administrative Measures (SAMs) were being implemented regarding his confinement, "based on information of your proclivity for violence."  Docket No. 1, at 3, and Ex. A.  The regulation, titled "Prevention of acts of violence and terrorism," states in relevant part:

> Upon direction of the Attorney General, the Director, Bureau of Prisons, may authorize the Warden to implement special administrative measures

> that are reasonably necessary to protect persons against the risk of death or serious bodily injury.  These procedures may be implemented upon written notification to the Director, Bureau of Prisons, by the Attorney General or, at the Attorney General's direction, by the head of a federal law enforcement agency, or the head of a member agency of the United States intelligence community, that there is a substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons.  These special administrative measures ordinarily may include housing the inmate in administrative detention and/or limiting certain privileges, including, but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism. . . .

28 C.F.R. § 501.3(a).  The regulation requires written notice to the inmate of the restrictions imposed and the basis for the restrictions.  28 C.F.R. § 501.3(b).  SAMs may be imposed for up to one year, with the approval of the Attorney General, and may be extended annually.  28 C.F.R. § 501.3(c).

The SAMs imposed on Mr. Mills have been renewed annually since their imposition and were most recently renewed on August 3, 2011.  Docket No. 1, at 3; Docket No. 11-1, at 1.  The SAMs restrict Applicant's interactions with other inmates, as well as his communications with persons outside the prison.  *Id.*  The SAMs also restrict Applicant's receipt of mail and his access to reading material.  *Id.*

## II. APPLICATION

Mr. Mills claims that 28 C.F.R. § 501.3 has been applied by federal authorities to deprive him of a liberty interest without procedural due process of law, in violation of the Fifth Amendment.  Docket No. 1, at 5.  For relief, he asks the Court to enjoin the Bureau of Prisons from imposing the SAMs and to order the Bureau to provide him with "meaningful procedural due process within 28 C.F.R. § 501.3."  *Id.*, at 8.

After being ordered to file a preliminary response, Respondent informed the Court that he would not raise the affirmative defense of exhaustion of administrative remedies. Docket No. 7. The case was drawn to a district judge and a magistrate judge on January 4, 2012.

## III.  ANALYSIS

Respondent argues that the Application must be dismissed because the due process claim raised by Applicant implicates the conditions of his confinement, rather than the duration of his sentence and, therefore, is not cognizable in a federal habeas corpus proceeding. Applicant replies that, pursuant to *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), he may assert his due process challenge to 28 C.F.R. § 501.3 in a habeas action because the SAMs constitute an "additional and unconstitutional restraint during his lawful custody." Docket No. 14, at 4. He further argues that *Wilkinson v. Dotson*, 544 U.S. 74 (2005), supports his request for relief under 28 U.S.C. § 2241.

Habeas corpus review is available under § 2241 if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser*, 411 U.S. at 484). An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *McIntosh*, 115 F.3d at 811. An application for habeas relief may be granted only "when the remedy requested would

result in the prisoner's immediate or speedier release from . . . confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Claims challenging an inmate's conditions of confinement generally do not arise under 28 U.S.C. § 2241.[2]

Mr. Mills asserts that 28 C.F.R. § 501.3 lacks any meaningful procedural due process protections. Docket No. 1, at 3; Docket No. 14, at 3. However, the restrictions imposed by the SAMs affect only his conditions of confinement in prison. It is undisputed that the restrictions will not delay Applicant's release date and he does not contend otherwise.

Applicant cites to *Wilkinson* for the proposition that his procedural due process challenge to the validity and application of the federal regulation is actionable in a federal habeas corpus proceeding. In *Wilkinson*, the Supreme Court held that the respondents (state prisoners) could challenge the constitutionality of state parole procedures in a § 1983 action because success on the claims would not result in the respondents' immediate or speedier release and, thus, the action did not "lie[ ] at the core of habeas corpus." *Wilkinson*, 544 U.S. at 82 (quoting *Preiser*, 411 U.S. at 489). *Wilkinson*, however, does not suggest that the respondents could have brought their claims for injunctive relief in a habeas corpus action. Indeed, *Wilkinson* recognized that the remedy of habeas corpus is available to prisoners "when they seek to invalidate the

---

[2]*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (describing claims seeking injunctive relief challenging the fact of conviction or the duration of a sentence as "core" habeas corpus claims; by contrast, "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance"); *McIntosh*, 115 F.3d at 812 ("I]f a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is [a civil rights action].").

duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id*. at 81.

Mr. Mills also relies on language in *Preiser v. Rodriguez* indicating that the remedy of habeas corpus may be available to challenge an inmate's conditions of confinement. *Preiser*, 411 U.S. at 499. The Court observed that, "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." *Id.* However, the *Preiser* court did not elucidate this statement or identify any circumstances in which a conditions of confinement claim may be actionable in habeas corpus. Later, in *Bell v. Wolfish*, 441 U.S. 520, 527 n.6 (1979), the Supreme Court expressly left "to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement." The Court's more recent decisions in *Nelson* and *Wilkinson* have clarified that, where an inmate brings constitutional claims challenging his conditions of confinement, those claims fall outside the "core" of habeas corpus and should be asserted in a civil rights action.[3] In addition, the Court of Appeals for the Tenth Circuit has made a clear distinction between

---

[3]See *Nelson*, 541 U.S. at 643; *Wilkinson*, 544 U.S. at 81; *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"..." [while] [a]n inmate's challenge to the circumstances of his confinement, . . ., may be brought under § 1983.") (internal citations omitted).

6

conditions of confinement cases and claims challenging the duration of an inmate's sentence.[4]

The Court finds that the Attorney General's imposition of SAMs on Mr. Mills has not inevitably affected the duration of Applicant's sentence. As such, Applicant's Fifth Amendment procedural due process claim is not cognizable in this federal habeas corpus proceeding.[5] Mr. Mills may file a civil rights action for injunctive relief against federal officials. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-32, 1236 (10th Cir. 2005) (stating that 28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over federal prisoner's constitutional claims seeking injunctive relief against federal actors concerning conditions of confinement). However, he must pay the

---

[4]*McIntosh*, 115 F.3d at 811-12 (["I]f a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is [a civil rights action]" . . . "[A]lthough a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, this does not make § 2241 actions like condition of confinement lawsuits, which are brought under civil rights laws.") (internal citations omitted); *see also Palma-Salazar v. Davis,* --- F.3d ----, 2012 WL 1511775 at *2 (10th Cir. May 1, 2012) (observing that the Tenth Circuit has distinguished between habeas actions and those challenging conditions of confinement, citing *McIntosh*).

[5]*Accord United States v. Garcia*, 470 F.3d 1001, 1002-03 (10th Cir. 2006) (holding that prisoners who sought neither a release from custody nor a shortened period of custody had to bring their claims in a civil rights action), *citing with approval Boyce v. Ashcroft*, 251 F.3d 911, 918, *vacated as moot*, 268 F.3d 953 (10th Cir. 2001) (concluding that a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought in a civil rights action rather than in a habeas proceeding); *Palma-Salazar*, 2012 WL 1511775 at **2-3 (same); *Rios v. Commandant, U.S. Disciplinary Barracks*, No. 03-3233, 100 F. App'x. 706, 708 (10th Cir. April 1, 2004) (unpublished) (holding that inmate's due process claim challenging his placement in maximum custody without procedural protections was not cognizable under 28 U.S.C. § 2241).

$350.00 filing fee applicable to civil rights actions, or file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

## IV. ORDER

Accordingly, it is

ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] is denied and this action is dismissed without prejudice. It is further

ORDERED that Applicant's Motion for the Appointment of Counsel [Docket No. 12], filed January 30, 2012, is DENIED as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is further

ORDERED that leave to proceed *in forma pauperis* on appeal is denied, with leave to file a motion in the United States Court of Appeals for the Tenth Circuit.

DATED May 10, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge